Law Offices of Vijayant Pawar
Vik Pawar, Esq.
35 Airport Road, Suite 330
Morristown, New Jersey
(212)-571-2266 (phone)
(212)-656-1645 (fax)
vik@pawarlaw.com
*Attorneys for Plaintiffs*

RECEIVED-CLERK
U.S. DISTRICT COURT

2008 APR 25  A 10: 50

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------------------------X

BARBARA WHITT and GARY WHITT, and
DANIEL BLUNCK and NANCY BLUNCK,

                      Plaintiffs,

      -against-

AMANDA TORRES, DIVISION OF YOUTH AND FAMILY
SERVICES, STATE OF NEW JERSEY, BOROUGH OF
LAKEHURST, BOROUGH OF LAKEHURST POLICE
DEPARTMENT, JOSEPH LEONE, "JOHN" BRUCE,
LAURA BRITTON, GARY LOWE, "JOHN" BARKER,
RON HEINZMAN, JACKIE MONAHAN, CALVIN BURTON, JR.,
CALVIN BURTON, SR., HOOPER and JOHN and JANE DOES
1 through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names of the
individuals and government agencies are presently unknown),

                      Defendants.

**COMPLAINT**

*Civil 08-2045 (AET)*

**Jury Trial Demanded**

-------------------------------------------------------------------------X

        Plaintiffs by and through their attorney, Vik Pawar, Esq., complaining of the

defendants, respectfully allege as follows:

### Preliminary Statement

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988 for violations of their civil

rights, as secured by statutes and the Constitution of the State of New Jersey and the United States. Plaintiffs also assert supplemental state law claims. Plaintiffs seek injunctive and prospective relief against certain defendants.

2.      Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the State of New Jersey (hereinafter "State"), Division of Youth and Family Services (hereinafter "DYFS"), Borough of Lakehurst and Borough of Lakehurst Police Department (collectively referred hereinafter as "Borough"), a Notice of Claim setting forth all facts and information required under the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 *et seq.*

3.      Plaintiffs have complied with all conditions precedent to maintaining the instant action.

### JURISDICTION

4.      The action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under New Jersey State laws.

5.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

6.      Venue is properly laid in the District of New Jersey under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

### JURY DEMAND

7.      Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

### PARTIES

8.      Plaintiffs are citizens of the United States, and at all relevant time residents in the

State of New Jersey.

9.      Defendant DYFS was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

10.     Defendant BOROUGH was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

11.     Defendant BOROUGH maintains defendant BOROUGH OF LAKEHURST POLICE DEPARTMENT, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation.

12.     That at all times hereinafter mentioned, the individually named defendants, AMANDA TORRES, JOSEPH LEONE, "JOHN" BRUCE, LAURA BRITTON, GARY LOWE, "JOHN" BARKER, RON HEINZMAN, and JOHN and JANE DOES 1 through 10, were/are employees of the government agencies listed in the caption. They are sued in their individual and official capacities.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendants DYFS, State of New Jersey, Borough of Lakehurst and Borough of Lakehurst Police Department.

14.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in their individual capacities.

15.     Each and all of the acts of the non-governmental defendants were done in conspiracy with the governmental defendants.

## FACTS

16.     For the past few years, defendants have conspired to violate plaintiffs civil rights,

3

and such violation continue to this date by certain defendants and are specifically noted in the following paragraphs.

17.     Defendants MONAHAN, HOOPER, CALVIN BURTON JR., and CALVIN BURTON, SR., threatened plaintiffs and used their influence with the local police department and government agencies to trump up charges against plaintiffs.

18.     On August 16, 2006, in the evening, plaintiffs were lawfully in the vicinity of their home located at 508 Pine Street, in the Borough of Lakehurst and State of New Jersey.

19.     At the aforesaid time and place, the defendants unlawfully and without justification assaulted, battered and beat plaintiff BARBARA WHITT, by grabbing her and throwing her to the ground with great force and with the intent to injure her even though plaintiff posed no threat of harm to any of the defendants.  Plaintiff was thereafter arrested unlawfully and without reasonable suspicion.  Defendants placed excessively tightened handcuffs on her wrists thereby causing plaintiff substantial pain and injuries.  Plaintiff was taken against her will to the Borough of Lakehurst Police Department precinct where defendants deliberately failed to render necessary medical assistance to plaintiff, who was obviously injured and bleeding.

20.     At the aforesaid time and place, the defendants unlawfully and without reasonable suspicion or any just cause, illegally entered the home of plaintiffs with force.  Defendants unlawfully ransacked plaintiffs' home and damaged and/or destroyed plaintiffs' property, including but not limited to, the front door, walls, and ducts.

21.     All of the above occurred while other Borough of Lakehurst Police Department officers and other government employees failed to intervene in the illegal conduct described herein.

22.     As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries,

4

emotional distress, embarrassment, and humiliation, anxiety, mental anguish, deprivation of liberty, violation of constitutional rights, interference with familial relations, property damage, and special damages.

23. In addition to subjecting plaintiffs' to physical force and causing emotional injuries, defendant DYFS and its employees including TORRES further put plaintiffs on an ineligible list and placed them on a national database that rendered them ineligible for jobs and other opportunities, and further subjected them to rejection and ridicule based on the false allegations and inadequate investigations.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under the First Amendment)

24. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983 and New Jersey State Constitution.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto and by non-governmental defendants in an apparent conspiracy against plaintiffs.

27. The acts complained of were carried out by the governmental defendants in their capacities as police officers, social workers pursuant to the customs, usages, practices, procedures, and the rules of the State and Borough, all under the supervision of ranking officers of said department.

5

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States and of the State of New Jersey.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourth Amendment-Excessive Force)

29. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

31. As a result of the aforementioned conduct of defendants, plaintiffs' constitutional right to be free from excessive force was violated and she sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Deprivation of Rights under the Fourth Amendment-Due Process)

32. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments. Plaintiffs were deprived access to their family and children based, in part, of the actions of defendants.

34. As a result of the foregoing, plaintiffs were deprived of her liberty and right to procedural and substantive due process, causing severe and permanent emotional and physical

6

injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene)

35.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

37.     The defendants failed to intervene to prevent the unlawful conduct described herein.

38.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and were humiliated and plaintiffs were subjected to violation of their state and federal rights.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Rights under the Fourth Amendment-False Arrest)

39.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     The defendants falsely imprisoned certain plaintiffs against their will and in the absence of probable cause.

41.     As a result of the foregoing, certain plaintiffs were handcuffed, held in a cell, and otherwise deprived of her right to be free from false arrest.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process)

42.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants issued criminal process against plaintiffs by causing them to be arrested

and prosecuted for purported violations of the Penal Law.

44.    Defendants caused plaintiffs to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Prosecution)

45.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    Defendants initiated, commenced and continued a malicious prosecution against plaintiffs by providing false and/or misleading information to the prosecutor's office.

47.    The aforesaid prosecution and abuse of process resulted in plaintiffs' deprivation of various state and federal rights.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Deprivation of Property)

48.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    The defendants intentionally, negligently, and/or recklessly destroyed and/or damaged plaintiffs' property and liberty interest and by denying them access to jobs and damaging their reputation and by depriving plaintiffs of their rights under the Fifth Amendment and under the New Jersey State Constitution.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Unlawful Entry)

50.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

8

paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The unlawful and forcible entry of plaintiffs' home by defendants was conducted in the absence of probable cause and thereby caused plaintiffs' injuries.

## AS AND FOR A NINTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

52.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54.     The aforementioned customs, policies, usages, practices, procedures and rules of the DYFS and the Borough included, but were not limited to, unlawfully entering citizens' homes, assaulting and battering innocent individuals, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, DYFS and the Borough engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of plaintiffs rights as described herein. As a result of the failure of DYFS and the Borough to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants State and Borough have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55.     The foregoing customs, policies, usages, practices, procedures and rules of the State, DYFS, and Borough constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs and were the direct and proximate cause and the moving force of

the constitutional violations suffered by plaintiffs as alleged herein.

56.    Defendants, collectively and individually were directly and actively involved in violating plaintiffs constitutional rights.

## AS AND FOR A TENTH CAUSE OF ACTION
(Deliberate Indifference)

57.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which was deliberately indifferent to plaintiffs'' rights.

59.    As a result, plaintiffs' rights were violated.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New Jersey)

60.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    Defendants issued criminal process against plaintiffs by causing them to be arrested, arraigned and prosecuted.

62.    Defendants caused plaintiffs to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New Jersey)

63.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "62" with the same force and effect as if fully set forth herein.

10

64.     Upon information and belief, defendants State, DYFS, and Borough failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of plaintiffs' rights.

65.     Defendants State, DYFS, and Borough knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New Jersey)

66.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Upon information and belief the defendants State, DYFS, and Borough failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in violation of plaintiffs' rights.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New Jersey)

68.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New Jersey)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.      Defendants arrested certain plaintiffs without probable cause. Certain plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

72.      As a result of the aforementioned conduct, certain plaintiffs were unlawfully imprisoned in violation of the laws of the State of New Jersey and plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
*(Respondeat Superior* liability under the laws of the State of New Jersey)

73.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.      Defendants are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Trespass to Chattels under the laws of the State of New Jersey)

75.      Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.      Defendants intentionally entered into plaintiffs' home without consent and damaged, destroyed, and/or otherwise interfered with plaintiffs' right to their property thereby causing plaintiffs injuries.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Malicious Prosecution under laws of the State of New Jersey)

77.      Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.      Defendants initiated, commenced, and continued civil and criminal proceedings

12

against certain plaintiffs by falsely reporting the events between defendants and plaintiffs.

79.     Defendants caused certain plaintiffs to be prosecuted on purported violations of the Penal Law without any probable cause until the charges were dismissed.

80.     As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Assault under the laws of the State of New Jersey)

81.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact and suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Battery under the laws of the State of New Jersey)

83.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Defendants made offensive contact with plaintiffs without privilege or consent and as a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New Jersey)

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

13

86.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency and plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
(Conspiracy under 42 U.S.C. 1985)

87.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.    The individual defendants conspired to deprive plaintiffs the equal protection of the laws and the equal privileges and immunities under the laws and as a result caused injuries to plaintiff.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Twenty-Five Thousand Dollars for each and every cause of action for each plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
April 24, 2008

LAW OFFICES OF VIKRANT PAWAR
321 Broadway, Suite 200
New York, New York 10007
(212) 571 2265

By: _____
VIKRANT PAWAR (VP9101)
Attorneys for Plaintiffs

14